IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICKY BENGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-815-D |
| | ) |
| JURAN RAYA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike Pre-Trial and Extend Discovery Deadlines and/or Motion for Leave to File List of Experts and Experts' Reports Out of Time and to File Plaintiff's Final Witness and Exhibit List Out of Time and/or Motion to File a Dismissal Without Prejudice to the Re-Filing Thereof [Doc. No. 39]. As the Motion suggests, Plaintiff requests modification of the Scheduling Order to remedy a series of missed deadlines. The request is based on counsel's health issues that began in July, 2011, and extended through mid-September, 2011.

Defendant Y & Z Transportation Corporation ("Y&Z") has timely opposed the Motion. Y&Z contends that Plaintiff has failed to establish "good cause" for modification of the existing case schedule, as required by Fed. R. Civ. P. 16(b). Y&Z argues that Plaintiff should have obtained relief from the case schedule in a more timely manner and that it would be prejudiced by allowing Plaintiff to disclose additional witnesses and exhibits after discovery has been completed and the case is ready for trial.[1]

---

[1] No trial date has been set because Y&Z's Motion for Summary Judgment [Doc. No. 25] remains pending.

This case concerns a motor vehicle collision allegedly caused by the negligence of Y&Z's driver, Turan Kaya,[2] who was employed by Y&Z and operating its tractor trailer at the time of the accident. Plaintiff was the driver of an automobile that collided with Y&Z's truck; a passenger in Plaintiff's automobile has sued separately and is pursuing a companion case in this Court. *See Simpson v. Kaya*, Case No. CIV-10-1093-D. Upon Y&Z's motion, the two cases were consolidated for discovery. *See* Order Granting Def. Y&Z Transp. Corp.'s Mot. to Consolidate [Doc. No. 41].[3] A joint scheduling conference was held on April 5, 2011, and a combined scheduling order was entered in both cases. *See* Sched. Order [Doc. No. 18]. Prior to the conference, Y&Z stipulated to its vicarious liability for any negligence of Mr. Kaya. *See* Joint Status Report [Doc. No. 17]. However, Mr. Kaya could not be located and was never served with process; therefore, he was dismissed as a defendant pursuant to Fed. R. Civ. P. 4(m). Both Plaintiff and her passenger, Rusti Lena Simpson, have been hampered in their ability to prove Mr. Kaya's negligence by his unavailability as a witness.

Prior to the close of discovery, Ms. Simpson moved to extend all deadlines based on a belief that she had successfully located Mr. Kaya. On November 4, 2011, Ms. Simpson's attorney reportedly spoke with Mr. Kaya by telephone and confirmed his identity and location. Accordingly, despite Y&Z's opposition, the Court on December 19, 2011, granted Ms. Simpson's request for additional time to serve Mr. Kaya, to conduct discovery, and to amend her final lists of witnesses and exhibits. *See Simpson v. Kaya*, Case No. CIV-10-1093-D, Order (W.D. Okla. Dec. 19, 2011). For reasons stated in the *Simpson* order, and because the Court cannot justify treating the two

---

[2] Mr. Kaya was incorrectly identified in Plaintiff's pleading as "Juran Raya," but was correctly identified in a related case (discussed *infra*) and in the Joint Status Report filed in March, 2011.

[3] Through inadvertence, the order was initially filed only in Case No. CIV-10-1093-D because Y&Z filed its motion only in that case.

plaintiffs differently, the Court will grant similar relief to Plaintiff, whose counsel was admittedly experiencing unanticipated medical problems during a substantial part of the discovery period.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Pre-Trial and Extend Discovery Deadlines [Doc. No. 39] is GRANTED, as set forth herein.  Plaintiff may file her final lists of witnesses and exhibits by February 17, 2012; Defendant may amend its lists of witnesses and exhibits within 14 days thereafter.[4]  Discovery shall be completed by April 17, 2012.  Plaintiff may supplement her response to Defendant's Motion for Summary Judgment [Doc. No. 25] at any time prior to the close of discovery; Defendant may respond to Plaintiff's supplemental brief within 14 days after filing.  The parties' trial submissions (designations of deposition testimony, motions in limine, requested voir dire and jury instructions, trial briefs, and the Final Pretrial Report) shall be filed within 30 days after the Court issues its summary judgment ruling.

IT IS FURTHER ORDERED that Defendants' Motion in Limine filed November 4, 2011 [Doc. No. 35], which is based, in part, on Plaintiff's failure to timely disclose evidence, is DENIED without prejudice to resubmission, if appropriate.  The Final Pretrial Report filed on November 4, 2011 [Doc. No. 35], which was not signed by defense counsel, is stricken and will be disregarded.

IT IS SO ORDERED this 21st day of December, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's request to disclose experts and expert reports out of time is moot in light of the Court's ruling on Defendant's motion to strike expert testimony due to a lack of timely disclosure.