IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICKY BENGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-815-D |
| | ) | |
| JURAN RAYA, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

Before the Court is Defendant Y&Z Transportation Corporation's Motion for Summary Judgment [Doc. No. 25], filed pursuant to Fed. R. Civ. P. 56.[1] Defendant seeks a judgment as a matter of law in this negligence case on the ground that Plaintiff Micky Benge lacks evidence to prove that Defendant's employee was negligent or his negligence caused Plaintiff's alleged injuries. Plaintiff has timely opposed the Motion, and after additional time to conduct discovery was granted, Plaintiff was permitted to file a supplemental brief. Defendant has filed reply and supplemental reply briefs. The Motion is thus at issue.

**Factual and Procedural Background**

This case concerns a motor vehicle collision allegedly caused by the negligence of Defendant's driver, Turan Kaya,[2] who was operating Defendant's tractor trailer at the time of the

---

[1] Other named defendants were dismissed for lack of service. As the sole remaining defendant, the movant will be referred to as "Defendant."

[2] Mr. Kaya was incorrectly identified in Plaintiff's pleading as "Juran Raya," but was correctly identified in a related case (discussed *infra*) and in the Joint Status Report filed in March, 2011.

accident. Plaintiff was the driver of an automobile that collided with the truck.[3] Before the initial scheduling conference was held, Defendant stipulated to its vicarious liability for any negligence of Mr. Kaya. *See* Joint Status Report [Doc. No. 17]. However, Mr. Kaya could not be located after the lawsuit was filed, and was never served with process.[4]

Plaintiff brought suit in state court on June 24, 2010. Defendant was served in July, 2010, and timely removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). After an extensive time period for discovery,[5] Defendant now seeks summary judgment on the basis of Plaintiff's alleged lack of proof, as stated above.

**Standard of Decision**

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim,

---

[3] A passenger in Plaintiff's automobile, Rusti Lena Simpson, has sued separately and is pursuing a companion case. *See Simpson v. Kaya*, Case No. CIV-10-1093-D (W.D. Okla.). The two cases were consolidated for purposes of discovery only.

[4] Mr. Kaya was served by publication in the companion case. At one point, Ms. Simpson's counsel located Mr. Kaya and reportedly talked with him by telephone. However, Ms. Simpson's subsequent efforts to accomplish personal service were unsuccessful. *See Simpson v. Kaya*, Case No. CIV-10-1093-D, Pl.'s Mot. Default J. (W.D. Okla. Jan. 18, 2012).

[5] The initial Scheduling Order entered April 5, 2011, allowed approximately six months to complete discovery. The discovery period was reopened and an additional four months were allowed in December, 2011, due to medical problems experienced by Plaintiff's counsel and a belief that Ms. Simpson's counsel had located Mr. Kaya and he could be included in further discovery efforts. *See supra* note 4.

all other factual issues concerning the claim become immaterial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment.  *Celotex*, 477 U.S. at 322-23.  If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial.  *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A).  "The court need consider only the cited materials, but may consider other materials in the record."  *See* Fed. R. Civ. P. 56(c)(3); *see also Adler*, 144 F.3d at 672.  The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

**Undisputed Facts**

Plaintiff claims that she suffered personal injuries and resulting damages from a collision with Defendant's truck on March 28, 2009.  Mr. Kaya was operating the truck in Oklahoma City, Oklahoma, and, according to the allegations of Plaintiff's pleading, he failed to pay attention to traffic conditions and turned left into an oncoming lane of traffic, colliding with Plaintiff's vehicle. Plaintiff contends in her response briefs that her allegations will be proven by her own deposition testimony, the testimony of the police officer who investigated the accident, and other witnesses named in her Final Witness and Exhibit List.  However, Plaintiff does not identify any specific facts

to support her allegations, nor offer any evidence to support her claim except the "Official Oklahoma Traffic Collision Report" prepared by the police officer.

## Discussion

Defendant contends that Plaintiff has failed to come forward with specific facts in the manner required by Rule 56(c). Defendant argues that the traffic report contains inadmissible hearsay to the extent it expresses the investigating officer's conclusions or opinions regarding the cause of the accident or the negligence of Mr. Kaya. For the same reason, Defendant contends that the officer would not be able to provide admissible testimony at trial concerning these issues. Defendant does not dispute the authenticity of the traffic report provided by Plaintiff.

As stated above, Plaintiff relies solely on the traffic report without stating facts that would establish negligence of Mr. Kaya. However, an examination of the report reveals the reporting officer's findings regarding the collision and his conclusion that a contributing factor was an improper left turn by "Unit 1," which was Mr. Kaya's vehicle. *See* Pl.'s Resp. Br., Ex. 1 [Doc. No. 28-1]. Of course, facts used to demonstrate a genuine dispute must be supported by admissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Plaintiff does not address Defendant's objection that neither the traffic report nor the testimony of the officer who prepared it would be admissible at trial, and she provides no facts or legal authority to permit a determination of whether the police officer's findings should be admitted.[6]

Under Rule 56(c)(3), however, it is within the Court's discretion to consider materials in the record other than those cited by the parties. Defendant presents with its Supplemental Reply Brief [Doc. No. 51], excerpts of the deposition testimony of Plaintiff and her passenger, Ms. Simpson.

---

[6] Defendant raises a hearsay objection. A public report that contains conclusions or opinions may be admissible under Fed. R. Evid. 803(8), if the report is based on a factual investigation and satisfies the requirement of trustworthiness. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988).

As Plaintiff describes the accident, her vehicle was stopped at a traffic light, waiting in a southbound lane of cars for the stoplight to change, and while her foot was still on the brake, Mr. Kaya's truck struck her car on the front driver's side with such force that the car was a total loss. Ms. Simpson testified that she does not have a clear recollection of the accident, but she recalls that Plaintiff's car was moving forward in a southbound lane of traffic when it was struck unexpectedly by the truck. Under either scenario, the Court finds that a reasonable fact-finder could infer, as alleged by Plaintiff, that Mr. Kaya did not pay attention to his driving and negligently caused the collision that injured Plaintiff. "[N]egligence is always a question of fact for the jury and becomes a question of law for the court to decide only when reasonable men would not differ on the evidence when considered in its most favorable light." *Oklahoma Natural Gas Co. v. McKee* 121 F.2d 583, 585 (10th Cir. 1941); *Chicago Rock Island & Pac. R.R. Co. v. Consumers Coop. Ass'n*, 180 F.2d 900, 903-04 (10th Cir. 1950).

For these reasons, the Court finds that genuine disputes of material facts preclude summary judgment on Plaintiff's negligence claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 6th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE